**Petition for Writ of Mandamus Conditionally Granted and Memorandum Majority and Dissenting Opinions filed April 30, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00283-CV

---

## IN RE SPRING CREEK RANCH COMMUNITY ASSOCIATION, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-74251**

---

## MEMORANDUM DISSENTING OPINION

Despite a remarkably wordy opinion, the majority never substantively engages with the controlling statute in reaching its conclusion that the trial court abused its discretion.

Although relator's mandamus record did include its Rule 194 disclosures, the majority fails to discuss whether relator met its statutory obligations. *See* Tex.

Civ. Prac. & Rem. Code Ann. § 33.004(d) ("A defendant may not[1] designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party *if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.*") (emphasis added); *see also* Tex. R. Civ. P. 194.2(2) (subsection (1) requires disclosure of "the name, address, and telephone number of any person who may be designated as a responsible third party"); *see generally In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784–85 (Tex. 2020).

At issue in the trial court was whether relator's disclosure of responsible third parties in its amended disclosure more than two years into the lawsuit was timely. The majority ignores this.

The majority opinion is a recitation of established generic caselaw about responsible third parties. Absent is a discussion of how the trial court abused its discretion to justify this court's grant of mandamus relief.

Relator requested oral argument. It is clear to me that argument would have benefitted the panel in understanding the petition. Unfortunately the majority refuses to allow oral argument.

The appropriate ruling from this court in the absence of an abuse of discretion is to deny the petition. I would grant oral argument, and unless that changed my mind that the trial court did not abuse its discretion, I would deny the petition.

---

[1] Code Construction Act, Tex. Gov't Code Ann. § 311.016(5) ("'May not' imposes a prohibition and is synonymous with 'shall not.'").

I dissent to refusing oral argument, and I dissent to granting the petition.


/s/    Charles A. Spain
       Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting).